# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

ASA CROSS,                                    :
    Plaintiff,                            :
                          :
v.                                            :     Case No. 5:17-cv-00446-MTT
                          :
                          :
SYNTER RESOURCE GROUP, LLC:
    Defendant.                            :

## Statement of Undisputed Material Facts Pursuant to LR 56

Pursuant to Local Rule 56, Plaintiff Asa Cross respectfully submits this following statement of material facts that Plaintiff contends are not in dispute.

1.    Plaintiff is a natural person residing in Warner Robins, Georgia. Deposition of Asa Cross ("Cross") 6:15-25.

2.    Plaintiff obtained several pieces of testing equipment from the trash dumpster outside of his former employer. Cross 12:10-17; 13:13-24; 17:3-7.

3.    Plaintiff used the testing equipment for his personal use including building "little race cars." Cross 14:2-24.

4.    Plaintiff listed some of the testing equipment on eBay. Cross 34:9-21.

5.    Plaintiff hasn't sold any other items on eBay. *Id*.

1873-0037

6.      Plaintiff contacted ANA Instruments—a company that purchased some of the testing equipment from eBay—about purchasing the remaining equipment Plaintiff "had no use" for. Cross 37:21-38:5.

7.      Plaintiff retained several pieces of testing equipment for his own personal use. Cross 38:14-21.

8.      Plaintiff was given a bill of lading by the purchaser of the testing equipment and instructed to deliver the sold equipment to FedEx. Cross 45:4-19.

9.      Plaintiff was informed ANA Instruments—who purchased the testing equipment—would be paying for shipping charges by FedEx's employees. Cross 46:6-21.

10.     Plaintiff received one (or more) collection letters from Defendant. Cross 58:12-14.

11.     Plaintiff sent a letter to Defendant disputing the debt and demanding Defendant validate the debt in accordance with 15 U.S.C. § 1692g and the letter was not returned as undeliverable. Cross 60:1-62:1; 67:11-17; Church 21:1-2.

12.     Defendant left one (or more) voicemails on Plaintiff's cellular phone. Church 49:16-24; *see also* Exhibit "D."

13. Plaintiff has been stressed and anxious because of Defendant's collection efforts. Cross 64:1-65:1.

14. Defendant continued to collect from Plaintiff after Plaintiff demanded Defendant validate the debt pursuant to 15 U.S.C. § 1692g. Church 33:8-17

15. Plaintiff did not have a business account with eBay. Cross 65:21-66:7.

16. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6). Defendant's Answer ECF Doc. No. 5 at ¶ 9 on P. 2.

17. Defendant called Plaintiff on December 5, 2016 to collect a debt. Church 15:3-17

18. Defendant did not disclose it was a debt collector in the voicemail it left on December 5, 2016. Church 17:6-22.

19. The debt was in default when placed with Defendant for collection. Church 33:18-23.

20. When FedEx placed the debt with the Defendant it did not list Plaintiff as a company or corporation. Church 81:6-21.

21. Defendant estimates annually over 100 bills of lading contain incorrect information. Church 147:21-148:5.

1873-0037

22.  Counsel for Plaintiff complied with the demand letter requirements of O.C.G.A. § 10-1-399(b).

Submitted September 10, 2018.

**DANIELS LAW LLC**

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854
Counsel for Plaintiff

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com