<p style="text-align:center; color:red">Exhibit P</p>

# CLIFF CARLSON LAW, P.C.

1114-C1 HIGHWAY 96, #347
KATHLEEN, GA 31047
(478) 254-1018 GEORGIA

AUGUST 28, 2017

**VIA CERTIFIED MAIL NO. 7017 1450 0000 7643 2795**
**RETURN RECEIPT REQUESTED**
**Synter Resource Group, LLC**
**c/o: Corporation Service Company**
**40 Technology Parkway South, Suite 300**
**Norcross, GA 30092**

Re:    Demand Letter for account ending: 7724

To Whom It May Concern,

I represent Asa Cross in connection with the alleged debt listed above.

Under Georgia law, including O.C.G.A. §24-4-408, statements made with a view toward compromise are inadmissible at trial. This Georgia law was enacted to encourage the settlement of controversies by permitting parties to discuss their cases candidly with the assurance that admissions and proposals for compromise made in the course of their good-faith settlement negotiations may not be used against them in any subsequent lawsuit. Benn v. McBride, 140 Ga. App. 698 (1976).

This entire letter and all of the exhibits and receipts attached are submitted with a view toward compromise of this claim. As such, this letter and its enclosures are not admissible at trial and are subject to any and all protections and privileges available under Georgia law and federal law, including the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

### FDCPA Violations

On or about December 5, 2016, Synter Resource Group, LLC (herein after Synter) contacted my client. In this contact with Mr. Cross, they failed to meet the requirements of 15 USC §1692. Previous and subsequent communication also failed to meet those requirements. Communication to the credit reporting agencies was also false, misleading, and confusing. This includes, but is not limited to, attempting to collect a debt and/or an amount that was not authorized by law or agreement in violation of 15 USC §1692e.

During the December 2016 phone call Synter attempted to collect an alleged debt from Mr. Cross. This alleged debt was not his despite Synter's assertion that it was. This is in violation of 15 USC §1692e(2) which makes the false representation of the character, amount, or legal status of any debt a violation of the FDCPA. This behavior is also in violation of 15 USC §1692f(1) which makes the collection of any amount (including any interest, fee, charge, or expense

Page 1 of 3
1873-0011

incidental to the principal obligation) a violation of the FDCPA, unless such amount is expressly authorized by the agreement creating the debt or permitted by Law.

This office has attempted on several occasions to ascertain the legal basis for collecting this debt from both Synter and the FedEx Freight, and as of the date of this letter, it has not been provided. Thus, it is clear there is no agreement entered into by Mr. Cross, and there is no basis at law, or otherwise, for the collection of this alleged debt, or any portion thereof.

Moreover, the initial communication with Mr. Cross, by Synter, was done telephonically. 15 USC §1692g(1), commonly referred to as the "G-notice", requires that within five days of the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain a verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. This information and notice was never provided to Mr. Cross despite the previously cited federal law requiring it.

## Georgia's Fair Business Practices Act

The above mentioned FDCPA violations are also violations of Georgia's Fair Business Practices Act (FBPA) (OCGA §10-1-390 et seq.) due in part to 1st Nationwide Collection Agency Inc v Werner, 288 Ga.App. 457 (2007).

## Offer of Compromise and Settlement

As you know, in addition to the FBPA claims, the FDCPA allows for the collection of statutory penalties of up to $1,000 and for the payment of attorney's fees, when there is a violation of the statute. At this time, I am authorized to make an offer of $6,500, which would be inclusive of the FBPA claims, FDCPA statutory damages, and attorney's fees. This offer is good for a period of 30 days from the date of this letter. Further, we demand that any reference to this alleged debt be removed from Mr. Cross's credit report.

In addition, I request on behalf of my client, that you immediately preserve and protect, any records generated by or in the possession of your entity, including reports, recordings, any data, or other documents relating to the subject account. If you fail to preserve these items you are contributing to the destruction of evidence critical to the case and there are serious legal consequences. Gardner v. Blackston, 185 Ga. App. 754 (1988); J.B. Hunt Transport Inc. v. Bentley, 207 Ga. App. 250 (1992); Chapman v. Auto Owners Ins. Co., 220 Ga. App. 539 91996).

I thank you in advance for your prompt and thorough consideration in this matter, and I look forward to hearing from you soon.

Sincerely,

Clifford Carlson
Attorney
Cliff Carlson Law, P.C.
478-254-1018
CC@CliffCarlsonLaw.com

cc: Mr. Cross

Page 3 of 3
1873-0011

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

1873-0011



9590 9402 3170 7166 2631 23

2. Article Number *(Transfer from service label)*

7017 1450 0000 7643 2795

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X B. Smith □ Agent
□ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

B. Smith    8/31/17

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

AUG 31 2017

3. Service Type
- □ Adult Signature
- □ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- □ Certified Mail Restricted Delivery
- □ Collect on Delivery
- □ Collect on Delivery Restricted Delivery
- □ ... Mail
- ... Restricted Delivery

- □ Priority Mail Express®
- □ Registered Mail™
- □ Registered Mail Restricted Delivery
- □ Return Receipt for Merchandise
- □ Signature Confirmation™
- □ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

9590 9402 3170 7166 2631 23

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•



**Cliff Carlson Law, P.C.**
1114-C1 Highway 96 #347
Kathleen, GA 31047